BRES

**FILED**
DEC 17 2019
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>RUDOLF SIENEGA,<br><br>        Debtor(s). | Case No. 14-30986-B-7<br><br>Adversary No. 18-2191<br><br>DC Nos. CDR-2<br>         RLG-2 |
| STATE OF CALIFORNIA FRANCHISE TAX BOARD,<br><br>        Plaintiff(s),<br><br>v.<br><br>RUDOLF SIENEGA,<br><br>        Defendant(s). | |

**MEMORANDUM DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Introduction

    The court has before it two motions for summary judgment. One motion is filed by plaintiff State of California Franchise Tax Board. The other is a cross-motion filed by defendant Rudolf Sienega. For the reasons explained below, plaintiff's motion for summary judgment will be granted and defendant's cross-motion for summary judgment will be denied as moot.

Jurisdiction and Venue

    Federal subject matter jurisdiction is founded on 28 U.S.C. § 1334. This adversary proceeding involves core matters under 28 U.S.C. §§ 157(b)(2)(A), (I), and (O). Plaintiff consents to the

entry of a final judgment by a bankruptcy judge under 28 U.S.C. § 157(c)(2). Docket 1 at ¶ 3. By filing a cross-motion for summary judgment, so too does the defendant to the extent consent is necessary. True Traditions, LC v. Wu, 552 B.R. 826, 839 (N.D. Cal. 2015) (request for entry of final judgment on summary judgment motion is implied consent); see also Haley v. Barclays Bank Del. (In re Carter), 506 B.R. 83, 88 (Bankr. D. Ariz. 2014) (finding that a summary judgment movant waived Stern objection to the court's constitutional authority and commenting that "it is difficult to understand how both the objection to final judgment and the request for entry of final judgment could have been filed in compliance with Rule 9011(b).").

This adversary proceeding arises from the above-captioned Chapter 7 case. Venue is proper under 28 U.S.C. § 1409.

Background

Plaintiff filed a motion for summary judgment on October 11, 2019, Docket 24, and with it a statement of undsiputed facts. Docket 26. Defendant opposed plaintiff's motion (mislabeled as a reply) on November 8, 2019. Docket 43. However, defendant did not specifically challenge - and therefore did not dispute - plaintiff's undisputed facts. For example, defendant did not reproduce plaintiff's statement of undisputed facts and admit those facts which are undisputed and deny those facts which are disputed. Nor did defendant file a concise statement of disputed facts citing to parts of the record which establish a genuine factual dispute in plaintiff's motion. Plaintiff replied to defendant's opposition on December 3, 2019. Docket 47.

Defendant also filed his own motion for summary judgment - effectively a cross-motion for summary judgment - on October 11, 2019, Docket 32, and with it a statement of undisputed facts. Docket 34. Plaintiff opposed defendant's motion on November 8, 2019. Docket 41. Plaintiff also specifically challenged - and therefore disputed - defendant's undisputed facts. Docket 42. Defendant replied to plaintiff's opposition on December 3, 2019. Docket 48.

Legal Standard

Federal Rule of Civil Procedure ("Civil Rule) 56 - applicable by Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7056 - permits the court to grant summary judgment if the moving party shows there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056.

A motion for summary judgment calls for a "threshold inquiry" into whether a trial is necessary, that is, whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The court does not weigh evidence or assess credibility; rather, it determines which facts are not disputed then draws all inferences and views all evidence in the light most favorable to the nonmoving party. See id. at 255; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party,

there is no 'genuine issue for trial.'" <u>Matsushita</u>, 475 U.S. at 587. An issue is genuine if there is enough evidence for a trier of fact to make a finding in favor of the nonmoving party, and an issue is material if it might legally affect the outcome of the case. <u>Far Out Prods., Inc. v. Oskar</u>, 247 F.3d 986, 992 (9th Cir. 2001) (citing <u>Anderson</u>, 477 U.S. at 248-49).

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case. Once the moving party comes forward with sufficient evidence, the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense. A motion for summary judgment may not be defeated, however, by evidence that is merely colorable or is not significantly probative.

<u>C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.</u>, 213 F.3d 474, 480 (9th Cir. 2000) (citations, internal quotations omitted).

<u>Discussion</u>

The above-referenced summary judgment standard illustrates that the presence or absence of a genuine dispute of material facts - as identified by the parties - lies at the very core of the summary judgment process. It is therefore critical that, when responding to a motion for summary judgment, the non-moving party specifically challenge the moving party's undisputed facts. <u>See</u> Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056.

The court's local rules recognize the importance of disputing the moving party's undisputed facts. They instruct the non-moving party to "reproduce the itemized facts in the

Statement of Undisputed Facts and admit those facts which are undisputed and deny those which are disputed" and/or "file a Concise Statement of Disputed Facts" in response to a summary judgment motion. See Local Bankr. R. 7056-1(c). More important, the United States Supreme Court has explained that a party opposing summary judgment who "fail[s] specifically to challenge the facts identified in the [moving party's] statement of undisputed facts . . . is deemed to have admitted the validity of [those] facts[.]". Beard v. Banks, 548 U.S. 521, 527 (2006).

    Beard arose in a summary judgment context nearly identical to the posture of this adversary proceeding. Id. at 525. The defendant in Beard moved for summary judgment and with its motion filed a statement of undisputed facts. Id. at 527. Plaintiff, as the non-moving party, failed to challenge defendant's undisputed facts but filed a cross-motion for summary judgment with supporting documents. Id. Noting the absence of a specific challenge to the defendant's undisputed facts, and recognizing that the cross-motion did not suffice, the Supreme Court deemed defendant's undisputed facts admitted by the plaintiff and established for purposes of defendant's summary judgment motion. Id.

    As they are obligated to do, courts in the Ninth Circuit follow Beard. For example, in Moon v. Rush, 69 F. Supp. 3d 1035, 1039-40 (E.D. Cal. 2014), the district court cited Beard for the proposition that the non-moving party's failure to dispute the moving party's undisputed facts in a manner required by a local district court rule nearly identical to the local bankruptcy court rule permits the district court to deem the moving party's

undisputed facts admitted. And in <u>Baroni v. NationStar Mortgage, Inc. (In re Baroni)</u>, 2015 WL 6956664, *6 (9th Cir. BAP 2015), citing <u>Beard</u>, the Ninth Circuit Bankruptcy Appellate Panel stated: "Once the moving party has presented facts as undisputed and has presented admissible evidence in support of those facts, the non-moving party may be deemed to have admitted those facts for summary judgment purposes unless he or she specifically challenges those facts and presents controverting evidence in support of his or her position." <u>Beard</u> is equally applicable here.

As stated above, defendant failed to specifically challenge - and therefore did not dispute - plaintiff's undisputed facts. Defendant filed an opposition to plaintiff's summary judgment motion and a cross-motion for summary judgment. However, the opposition consists of legal argument based on plaintiff's undisputed facts and, as the Supreme Court recognized in <u>Beard</u>, the defendant's cross-motion and documents filed with it are not a specific challenge to the plaintiff's undisputed facts.[1]

---

[1] The court recognizes that defendant filed a statement of undisputed facts with his cross-motion for summary judgment. However, nothing in Civil Rule 56, Bankruptcy Rule 7056, or Local Bankruptcy Rule 7056-1 authorizes or permits the non-moving party to file its own separate statement of undisputed facts in response to a moving party's statement of undisputed facts. See <u>United States v. Center for Employment Training</u>, 2019 WL 424189, *4 (E.D. Cal. 2019) (striking nonmoving party's statement of undisputed facts in response to motion for summary judgment as procedurally improper and unauthorized under nearly identical local district court rule); <u>Operating Engineers Health & Welfare Trust Fund v. The Mega Life & Health Ins. Co.</u>, 2003 WL 22416395, *8 (N.D. Cal. 2003) (holding that additional separate statement of undisputed facts in response to summary judgment motion not permitted and striking same).

Therefore, the court deems all of plaintiff's undisputed facts stated in Docket 26 admitted by the defendant for purposes of plaintiff's summary judgment motion. And based on those undisputed (and deemed admitted) facts, plaintiff is entitled to judgment in its favor for the reasons articulated in Dockets 24, 30, and 47.[2]

Conclusion

Based on the foregoing,

(1) the plaintiff's motion for summary judgment will be granted, and judgment will be entered for plaintiff and against defendant, and the state income tax that defendant owes plaintiff for 1990, 1991, 1992, and 1996 - with any interest and penalties thereon - will not be discharged in defendant's Chapter 7 case;

(2) the defendant's cross-motion for summary judgment will be denied as moot; and

(3) the hearing set on December 17, 2019, at 9:30 a.m. will be vacated.

A separate order and judgment will issue.

Dated: December 17, 2019.

UNITED STATES BANKRUPTCY JUDGE

---

[2] The court notes that in a recent case in which California state tax returns were filed, the United States Bankruptcy Court for the Northern District of California agreed with plaintiff's position that state taxes are not discharged under 11 U.S.C. § 523(a) unless the debtor files required reports *in addition to* state tax returns. In re Stapley, 2019 WL 5588822, *13, ___ B.R. ___ (Bankr. N.D. Cal. Oct. 29, 2019) (citing and following State of Maryland v. Ciotti (In re Ciotti), 638 F.3d 276 (4th Cir. 2011)).